IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1298-03






JONATHAN MERCHANT HARRIS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIFTH COURT OF APPEALS


COLLIN COUNTY





 Price, J., filed a dissenting opinion.


O P I N I O N 



 This is a sad day for judicial integrity. 

 Despite the fact that the trial judge in this case said that he had found the
enhancement allegations, which were supported by uncontested and certified penitentiary
packets, true, the majority concludes that the trial court was unauthorized to correct the
unauthorized sentence that had been imposed the day before. As a result, I respectfully
dissent.

I. Facts


 The appellant, Jonathon Merchant Harris, was convicted of a third-degree felony,
possession of marijuana. During the sentencing hearing, the State introduced evidence of
the appellant's prior felonies for enhancement purposes. The trial court acknowledged
receiving the enhancement evidence, but did not explicitly find them true. The trial court
sentenced the appellant to ten years' incarceration. 

 The day after sentencing, the trial court recalled the appellant and explained that it
had found the enhancements true and that the ten-year sentence was therefore
unauthorized. The trial court then sentenced the appellant to the statutory minimum of
twenty-five years. 

 We must determine whether the trial court was authorized to increase the
appellant's prison sentence the day after imposing a shorter sentence. I would conclude
that, because the trial court found the enhancements allegations to be true, the original
ten-year sentence was unauthorized and, therefore, correctable by the trial court.

 On October 28, 2002, the appellant was tried before the court without a jury for
possession of marijuana in an amount of more than five pounds but less than fifty pounds.
The appellant's indictment included three enhancement paragraphs for prior felony
convictions. The trial court found the appellant guilty and, during the sentencing hearing,
received evidence that consisted entirely of (1) penitentiary packets from the appellant's
prior felonies and (2) testimony from the State's fingerprint expert that linked the
appellant to the fingerprints in those penitentiary packets. The October 28th record does
not specifically indicate that the trial court found the enhancement paragraphs to be true
or to be not true, only that the court had received evidence of enhancement. (1) The trial
court then sentenced the appellant to ten years.

 On October 29, 2002, the trial court, having been "informed that the minimum
punishment in view of the prior convictions is twenty-five years," recalled the appellant
to reassess punishment. The court explained to the appellant's attorney that it had not yet
signed a judgment and that it had found the enhancements to be true on October 28,
2002. (2) The appellant's attorney agreed that if the court had found the enhancements true,
the minimum punishment was twenty-five years. The appellant was brought to court, and
the trial judge informed the appellant that the ten-year sentence was not permissible under
the law since the enhancements had been found true. The court then sentenced the
appellant to the twenty-five-year minimum sentence for a habitual offender. (3) 

 On direct appeal, the appellant claimed that the trial court had no authority to
change the original sentence. The Court of Appeals disagreed and affirmed the sentence
on the basis that the trial court had found the enhancements to be true and had simply
corrected the unauthorized sentence. (4)

 On discretionary review, the appellant asserts that the Court of Appeals erred in
upholding the trial court's re-sentencing the defendant to twenty-five years' imprisonment
when the trial court recalled the defendant to court the day after sentencing, informed him
that the first sentence had been unauthorized, and then imposed a longer sentence. (5) 
Specifically, the appellant contends that, because the trial court did not explicitly find the
enhancement paragraphs true at the initial sentencing, a ten-year sentence was a
statutorily allowed punishment and not subject to revision. As a result, he argues, the
revision violated the Fifth Amendment prohibition against double jeopardy. 

I. Law


 The appellant claims that by increasing his sentence after he began serving it, the
trial court violated his right to be free from double jeopardy. In his brief, the appellant
relies on Ex parte Lange. (6) In that case, the offense of which the defendant was convicted
was punishable by either a fine or imprisonment. (7) The trial court had sentenced the
defendant to fine and imprisonment. Because the defendant had already paid his fine, and
therefore suffered punishment under a valid sentence, the United States Supreme Court
held that his sentence had been completed. (8) The Court said that increasing a punishment
after a defendant has begun to serve the sentence is a violation of his constitutional right
to be free from double jeopardy. (9)

 In Bozza v. United States, the Supreme Court distinguished its opinion in Lange. (10) 
In Bozza, the statute that under which the defendant was convicted required the
imposition of a fine and imprisonment, but the trial imposed imprisonment only. The
defendant was taken to a federal detention jail. About five hours later the defendant was
recalled and a sentence in conformity with the statute was imposed. (11) The Supreme Court
declined to allow defendants to escape punishment just because the trial court had
inadvertently imposed an unauthorized sentence. (12) The prohibition on double jeopardy
does not prohibit a trial court's correcting an unauthorized sentence. (13) We also have held
that, when the original sentence is unauthorized, the trial court acts properly and within its
authority in assessing a lawful punishment at the subsequent hearing, and in pronouncing
sentence based on such punishment. (14) For example, in Cooper v. State, the appellant
pleaded guilty to delivery of heroin and was sentenced to four years' imprisonment. (15) The
trial court later discovered that the minimum sentence for this offense was five years. 
Over the defendant's objection, the trial court re-sentenced the defendant to the statutory
minimum. (16) We affirmed, concluding that the correction of an unauthorized sentence did
not violate the double jeopardy provision of the United States Constitution. (17) 

 To determine whether the trial court properly altered the appellant's original
sentence, we must determine whether the original ten-year sentence was authorized.

 The language of Section 12.42(a) of the Texas Penal Code, the habitual offender
statute, is "clear, instructive, and mandatory." (18) Once a finding of true as to the
enhancement paragraphs has been made, the "punishment is absolutely fixed" by law. (19) 
Further, the punishment assessed must always be within the minimum and maximum
fixed by law. (20) A sentence that is outside the minimum range of punishment is
unauthorized by law and therefore illegal. (21) If the trial court found the enhancement
allegations true, then the original ten-year sentence was not authorized by law.

III. Application


 The appellant claims that the trial court did not find the enhancements true during 
the original sentencing hearing. As a result, he argues, the ten-year sentence was valid
and not subject to revision. 

 The appellant was charged with a third degree felony, for which the punishment
range was two to ten years' imprisonment and up to a ten thousand dollar fine. (22) If the
trial court found two enhancement paragraphs to be true, the minimum term of
confinement would be twenty-five years. (23) If the trial court did not find two enhancement
allegations to be true, the ten-year sentence would be valid. (24)

 The appellant asserts that, since the trial court was not required to accept the
State's proof in the punishment phase of the trial, ten years was a statutorily authorized
punishment. Further, the appellant points out that "despite the trial judge's contention
that he meant to find the enhancement paragraphs 'true' the previous day," he was
without power to re-sentence the appellant because he had already imposed a lawful
sentence.

 But the trial judge did not say that he meant to find the enhancements true during
the sentencing hearing. Rather, the trial judge said that he had found the enhancements
true, rendering the initial ten-year sentence unauthorized. (25) Given the trial judge's
statement that he had found the enhancement allegations true, the majority has to assume
that the trial judge either did not remember the events of the day before or that he was
being dishonest. The record does not support this assumption.

 Although a trial judge is not required to find enhancement allegations true, it
would have been unusual under the circumstances of this case for the judge to find the
allegations not true. The State offered certified records from the Texas Department of
Criminal Justice. A fingerprint expert connected the appellant to the certified records. 
No evidence was offered to show that the applicant was not the person named in the
certified records. It would be extraordinary for the trial judge to find, without comment,
that the allegations were not true.

 In the present case, the record reflects that the trial court found the enhancement
paragraphs to be true. Having found the enhancement allegations true, the trial court was
without discretion to sentence the appellant to less than the minimum twenty-five years
set by the statute. (26) Accordingly, I would hold that the ten-year sentence was subject to
revision. (27)

III. Conclusion

 Because the majority concludes that the trial judge either lied or did not remember
the events of the day before, I respectfully dissent.


Filed: January 12, 2005.


Publish.
1. At the close of the evidence, the trial court made the following statement:


 All right. Mr. Harris, the Court, having found you guilty of the offense of possession of
[a] controlled substance, of possession of marijuana over five pounds, less than fifty
pounds, the Court further having received evidence of prior felony--prior convictions,
the Court assesses your punishment at ten years['] confinement in the Institutional
Division of the Texas Department of Criminal Justice.
2. During the proceedings on the day after the punishment hearing, the trial court said:


 In the matter of the State of Texas versus Jonathan Merchant Harris that the Court heard
yesterday and found the [appellant] guilty of possession of marijuana over five pounds,
the Court heard the punishment phase, heard evidence of prior convictions[,] which the
Court found to be true. I assessed punishment at ten years, but I'm informed that the
minimum punishment in view of the prior convictions is 25 years.
3. [3]Tex. Pen. Code § 12.42(d).
4. Harris v. State, No. 05-02-01761-CR, slip op. at 6 (Tex. App.-- Dallas, delivered June 30,
2003) (not designated for publication).
5. " 
 
 "
6. 
7. Id., at 175.
8. -
9. Id., at 175.
10. Bozza v. United States, 330 U.S. 160, 166-67 n.2 (1947).
11. -
12. 
13. [13]Id., at 166-67.
14. [14]See, e.g., Cooper v State 527 S.W.2d 898, 899 (Tex. Crim. App.1975).
15. 
16. 
17. 
18. 
19. 
20. 
21. 
 
22. § § 
 
23. § 
24. §§ 
25. § 
26. 
27. §