John COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 50835.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

David R. Rosado, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and William J. Ellis, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a conviction for delivery of heroin. Punishment was assessed at five years.

The record reflects that on January 31, 1975, appellant waived a jury, entered a plea of guilty, and was convicted of the felony offense of delivery of heroin.[1] Punishment was on that date assessed by the court at four years. The record further reflects that on that date appellant waived time and was sentenced to serve four years, and was given credit for time spent in jail since December 5, 1974. Thereafter, on February 3, 1975, at a hearing with appellant and his counsel present, the court announced that it had discovered that the minimum punishment fixed by the applicable law for delivery of heroin is five years, and, accordingly, over appellant's objection, set aside the punishment and sentence, assessed punishment at five years, entered judgment accordingly and, as appellant again waived time, pronounced sentence. See *Adams v. State,* Tex.Cr.App., 440 S.W.2d 844. Appellant gave notice of appeal from this judgment and sentence.

1. The evidence reflects that the offense was committed August 5, 1974.

In his sole ground of error, appellant contends that the trial court erred in resentencing appellant to serve a five year term after he had already been confined in jail under the four year sentence. He argues that such resentencing violated his right to protection under the double jeopardy clauses of the Texas and the United States Constitutions.

The offense of delivery of heroin is a felony of the first class under the provisions of the Texas Controlled Substances Act, Art. 4476–15, Secs. 4.03(b)(1) and 4.02(b)(2)(J), V.A.Civ.Stats. of Texas. The punishment for a felony of the first class is confinement for life, or for a term of years of not more than 99 years or less than 5 years. Sec. 4.01(b)(1). Thus, the minimum term for such offense is 5 years.

■ Since the trial court was not authorized to assess the punishment at 4 years because such period is not within the range set forth in the statutes, the original punishment set by the court and the sentence based thereon were void. *Ex parte Hill,* Tex.Cr.App., 528 S.W.2d 125 (1975); *Saunders v. State,* Tex.Cr.App., 511 S.W.2d 281, 283.

■ The only error assigned by appellant concerns punishment. The original punishment and sentence being void, the trial court acted properly and within his authority in assessing a lawful punishment at the subsequent hearing, and in pronouncing sentence based on such punishment. See *Miller v. State,* Tex.Cr.App., 472 S.W.2d 269. The fact that the punishment of five years, being the minimum authorized by law, exceeds the *unauthorized, void* punishment of four years does not present a double jeopardy problem. See *Saunders v. State,* supra, where, on appeal from a judgment in which the punishment was assessed at less than the statutory minimum, this Court remanded the case to the trial court for re-assessment of punishment under the appropriate statute. See also *Ex parte Hill,* supra.

The judgment is affirmed.

Opinion approved by the Court.