Jonathan Merchant HARRIS,
Appellant,

v.

The STATE of Texas.

No. PD–1298–03.

Court of Criminal Appeals of Texas.

Jan. 12, 2005.

Angela Ivory, McKinney, for Appellant.

Katharine K. Decker, Asst. District Atty., McKinney, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., join.

Appellant was convicted of possession of more than five pounds but less than 50

be present at the view; and (4) enlisted the attendance of a court reporter to record what transpired at the view.

pounds of marijuana. On October 28, 2002, after the punishment phase of the trial, the trial court sentenced Appellant to ten years in the Texas Department of Criminal Justice Institutional Division. The next day, the trial judge recalled Appellant. He explained that the State had previously submitted evidence of prior felony convictions for enhancement purposes, and that he found them to be true. Thus, according to Texas Penal Code, Section 12.42(d), the court was not able to sentence Appellant to any amount of time less than twenty-five years.[1] The trial court then re-sentenced Appellant to 25 years in the TDCJ Institutional Division. Appellant appealed to the Fifth Court of Appeals, which affirmed the second sentence of the trial court. *Harris v. State,* No. 05–02–01761–CR, 2003 WL 21509054 (Tex.App.Dallas–2003, pet.granted) (not designated for publication), 2003 Tex.App. LEXIS 5614. We will reverse.

On appeal, Appellant argued that the trial court lost the power to set aside the original, valid sentence and re-sentence Appellant to a higher sentence because Appellant had already accepted the sentence and suffered some punishment as a result. The State responded that this issue was not preserved for review because Appellant did not object. The court failed to consider this issue, instead, the court of appeals held that the presumption of regularity that attaches to all judgments was controlling in this case.

The court noted that the October 28, 2002, record does not indicate that the trial court actually found the enhancements to be true. However, the court also pointed out that at the October 29, 2002, sentencing, the trial judge said he found them to be true and the written judgment reflects this finding. The court concluded that Appellant did not satisfy his burden to overcome the presumption; in other words, he could not prove that the 25–year sentence recited in the judgment of the court was false or in error. In relying on the presumption of regularity, however, the court of appeals failed to address the true issue in this case: did the trial court commit constitutional error by re-sentencing Appellant the day after it imposed the first sentence? The issue here is not whether or not the written judgment of the court is false or in error. Rather, the issue is whether the trial court even had the lawful authority[2] under federal Double Jeopardy principles to orally issue the second sentence, which increased Appellant's sentence by 15 years over the first sentence, and then enter that second oral pronouncement of sentence into a written judgment.

We granted review in this case to determine the following: "Does the decision of the court of appeals conflict with the applicable decisions of the courts of appeals, the Court of Criminal Appeals, and the Supreme Court of the United States?" We conclude that the court of appeals erred in

---

1. Texas Penal Code § 12.42(d) states: "If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years."

2. For the sake of clarity, we discuss this issue in terms of the "authority" of the trial court, due to the fact that the cases presented in this opinion, and cited as precedent by the parties, refer to the issue in this way.

failing to address the Double Jeopardy claims of Appellant.[3]

■ Appellant argues that an increase in punishment after a defendant has commenced serving his sentence violates a defendant's Double Jeopardy rights. He also asserts that after the trial court imposed the first sentence of ten years, the trial court no longer had the ability to set aside the original sentence and order a new sentence.

The State counters that when an original sentence is illegal or void, a trial court acts properly and within its authority in correcting the sentence and assessing a lawful punishment at a subsequent hearing. The State argues in the instant case that the original ten-year sentence was unlawful, because, under Texas Penal Code, Section 12.42(d), it was mandatory that Appellant be sentenced to between 25 and 99 years as a repeat offender if the two prior felony enhancements were found true. The State relies on *Cooper v. State*, 527 S.W.2d 898 (Tex.Crim.App.1975) in support of this argument.

■ In *Cooper*, the trial court mistakenly sentenced the defendant to a period of four years, when the statutory minimum for the crime charged was five; thus the trial court had the authority to later correct the first statutorily *unauthorized* sentence. *Id.* at 898–99. These facts are distinguishable from the facts in the instant case. Here, the facts do not support the contention that Appellant's sentence was statutorily unauthorized at the time it was pronounced.[4] When Appellant was sentenced, the trial court did not specifically find the enhancements to be true on the record.[5] The court then sentenced

---

**3.** As noted above, the State argued to the court of appeals that Appellant failed to object to the change in sentencing and thus did not preserve the issue for review. We disagree. Although the court of appeals did not address the preservation issue, it is apparent from the record that Appellant met the requirements of Texas Rule of Appellate Procedure 33.1(a)(1)(A) and Texas Rules of Evidence 103(a)(1). At the second sentencing, the following conversation took place between the trial judge and Appellant's attorney:

Judge: "I'm sure he will want to appeal this."
Defense Attorney: "Yes, sir."
Judge: "Wouldn't blame him."
By recognizing that Appellant would want to appeal, it is clear that the trial judge was aware of the substance of Appellant's complaint, and implicitly ruled against him by assigning the higher sentence. Additionally, rather than allow Appellant's attorney to inform him of the increased sentence, the trial judge brought Appellant into the courtroom and stated:
So I am assessing your punishment at 25 years confinement in the Institutional Division. The—I wanted to make you aware of that, and also that I believe probably [defense attorney] will be filing a motion for— or advising the Court of its intent—of your

intent to appeal the decision or decisions in this matter. So if—well, I wanted to make you aware of that on the record and in open court.

**4.** The State also advances the argument that even if the first sentence was statutorily authorized and thus unable to subsequently be corrected by the trial court, it was within the *plenary power* of the trial court to change the sentence so long as the case was within its jurisdiction. While this proposition is true, the trial court could use its plenary power to modify the sentence only as much as the new sentence would remain within the same statutory range of punishment. In the instant case, changing the sentence from ten to twenty-five years was outside the punishment range of the third-degree felony. It is therefore unnecessary for us to discuss the plenary power of the court.

**5.** The State argues in its brief that a trial judge is not required to make a specific finding of "true" on the record, citing *Garner v. State*, 858 S.W.2d 656 (Tex.App.Fort Worth1993, pet. refused). In *Garner*, the court of appeals held that the trial judge did not err in failing to read the enhancement paragraphs orally to the defendant, or by failing to make an oral finding of true for the

Appellant within the range of punishment for an un-enhanced offense. The record states only that the trial judge, at the first sentencing proceeding, said the court had "received evidence of prior felony—prior convictions," and proceeded to sentence appellant to ten years in the Texas Department of Criminal Justice.[6] The record thus shows that the trial judge received the evidence of the prior convictions and considered them, but not that he found them true.[7] The trial court erred to then find them true at a second sentencing hearing.[8] This second attempt at sentencing violated Appellant's rights under the Double Jeopardy Clause.[9] Because the ten-year sentence was a valid and authorized sentence under the Texas Penal Code, the trial court's second pronouncement of a 25–year sentence the following day was an unconstitutional 15–year increase.[10]

The trial court's actions in this case were neither a mere correction of an unauthorized sentence, nor a *nunc pro tunc* order within the inherent authority of the

---

record. *Id.* at 659. However, in *Garner,* there was no attempt by the trial judge to change the sentence he imposed on the defendant after the sentencing phase of the trial had concluded. In the case before us, a determination as to whether the first sentence imposed was actually an unauthorized sentence depended on the specific findings of this trial court at the sentencing hearing. While it may not always be error for a trial court to fail to record specific findings, since no finding of true by the trial court was made on the record in this case, we can point to nothing in the record which supports the contention that the original sentence was unauthorized.

6. The full statement of the trial judge at the first sentencing hearing is as follows:

All right. Mr. Harris, the Court, having found you guilty of the offense of possession of controlled substance, of possession of marijuana over five pounds, less than fifty pounds, the Court further having received evidence of prior felony—prior convictions, the Court assesses your punishment at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice.

7. The State argues in its brief that the evidence provided for enhancement was un-controverted and overwhelming that Appellant had committed these prior felonies, as his fingerprints compared to those in TDCJ records were positively matched. Though this may be true, the trial court is still not *bound* to accept the State's evidence and find them true. *See State v. Dickerson,* 864 S.W.2d 761, 763 (Tex.App. Houston [1st Dist.]—1993, no pet.).

8. At the second sentencing, the trial judge responded, "well, they're found to be true," with regard to the enhancements after defense counsel requested clarification of the statutory sentencing maximums. While we do not suggest that the trial judge was being dishonest in any way, it is clear from the record that one of two situations occurred: that the trial judge made a mistake of omission at the first sentencing which he had no legal authority to correct the next day, or that he changed his mind about finding the enhancements true, which he also had no legal authority to do at a second sentencing proceeding.

9. *See Arizona v. Rumsey,* 467 U.S. 203, 211, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) (a trial court's imposition of a life sentence, based on its incorrect finding that, as a matter of law, robbery did not amount to an aggravating circumstance warranting the death penalty, barred the imposition of the greater sentence of death upon resentencing); *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (even mistaken or "egregiously erroneous" legal rulings that lead to a judgment of acquittal raise a double jeopardy bar to retrial).

10. *See Ex parte Voelkel,* 517 S.W.2d 291 (Tex.Crim.App.1975)(holding any increase in sentence imposed after the close of the sentencing hearing at which the initial sentence was imposed was invalid); *Tooke v. State,* 642 S.W.2d 514, (Tex.App. Houston [14th Dist]–1982, no pet.) (a trial court had no authority to re-sentence defendant by increasing the severity of the sentence after he had been "formally sentenced," and had accepted such sentence).

court that would permit revision of the written judgment to comply with the oral pronouncement of sentence. The first sentence imposed was authorized by law, and the court's action on the second day was more than correcting a clerical error to make the judgment comply with the sentence pronounced. In the instant case, the trial court validly sentenced appellant one day, and the next day called appellant back and increased his sentence.[11]

Accordingly, we reverse the decision of the court of appeals, and hold that the original ten-year sentence imposed by the trial court was a legal and authorized sentence.

PRICE, J., filed a dissenting opinion.

PRICE, J., filed a dissenting opinion.

This is a sad day for judicial integrity.

Despite the fact that the trial judge in this case said that he had found the enhancement allegations, which were supported by uncontested and certified penitentiary packets, true, the majority concludes that the trial court was unauthorized to correct the unauthorized sentence that had been imposed the day before. As a result, I respectfully dissent.

### I. Facts

The appellant, Jonathon Merchant Harris, was convicted of a third-degree felony, possession of marijuana. During the sentencing hearing, the State introduced evidence of the appellant's prior felonies for enhancement purposes. The trial court acknowledged receiving the enhancement evidence, but did not explicitly find them true. The trial court sentenced the appellant to ten years' incarceration.

The day after sentencing, the trial court recalled the appellant and explained that it had found the enhancements true and that the ten-year sentence was therefore unauthorized. The trial court then sentenced the appellant to the statutory minimum of twenty-five years.

We must determine whether the trial court was authorized to increase the appellant's prison sentence the day after imposing a shorter sentence. I would conclude that, because the trial court found the enhancements allegations to be true, the original ten-year sentence was unauthorized and, therefore, correctable by the trial court.

On October 28, 2002, the appellant was tried before the court without a jury for possession of marijuana in an amount of more than five pounds but less than fifty pounds. The appellant's indictment included three enhancement paragraphs for prior felony convictions. The trial court found the appellant guilty and, during the sentencing hearing, received evidence that consisted entirely of (1) penitentiary packets from the appellant's prior felonies and (2) testimony from the State's fingerprint expert that linked the appellant to the fingerprints in those penitentiary packets. The October 28th record does not specifi-

---

11. See Ex Parte Madding, 70 S.W.3d 131 (Tex.Crim.App.2002)(holding that when the trial court orally ruled in the presence of the defendant that his sentences would be served concurrently, and then later in a written judgment ordered them to be served consecutively, this violated the defendant's right to due process of law). In Madding, this Court acknowledged that the appellant might have had a valid argument against the increase in sentencing under the double jeopardy clause, because of the rule in federal courts that an increase in sentence after the defendant has commenced serving his punishment is a violation of his right not to be subject to double jeopardy. Id. at 134 n. 6. In that case, we declined to base our decision on the issue of double jeopardy, however, because applicant was entitled to relief on due process grounds.

cally indicate that the trial court found the enhancement paragraphs to be true or to be not true, only that the court had received evidence of enhancement.[1] The trial court then sentenced the appellant to ten years.

On October 29, 2002, the trial court, having been "informed that the minimum punishment in view of the prior convictions is twenty-five years," recalled the appellant to reassess punishment. The court explained to the appellant's attorney that it had not yet signed a judgment and that it had found the enhancements to be true on October 28, 2002.[2] The appellant's attorney agreed that if the court had found the enhancements true, the minimum punishment was twenty-five years. The appellant was brought to court, and the trial judge informed the appellant that the ten-year sentence was not permissible under the law since the enhancements had been found true. The court then sentenced the appellant to the twenty-five-year minimum sentence for a habitual offender.[3]

On direct appeal, the appellant claimed that the trial court had no authority to change the original sentence. The Court of Appeals disagreed and affirmed the sentence on the basis that the trial court had found the enhancements to be true and had simply corrected the unauthorized sentence.[4]

On discretionary review, the appellant asserts that the Court of Appeals erred in upholding the trial court's re-sentencing the defendant to twenty-five years' imprisonment when the trial court recalled the defendant to court the day after sentencing, informed him that the first sentence had been unauthorized, and then imposed a longer sentence.[5] Specifically, the appellant contends that, because the trial court did not explicitly find the enhancement paragraphs true at the initial sentencing, a ten-year sentence was a statutorily allowed punishment and not subject to revision. As a result, he argues, the revision violated the Fifth Amendment prohibition against double jeopardy.

## I. Law

The appellant claims that by increasing his sentence after he began serving it, the trial court violated his right to be free from double jeopardy. In his brief, the appellant relies on *Ex parte Lange*.[6] In

---

1. At the close of the evidence, the trial court made the following statement:

   All right. Mr. Harris, the Court, having found you guilty of the offense of possession of [a] controlled substance, of possession of marijuana over five pounds, less than fifty pounds, the Court further having received evidence of prior felony-prior convictions, the Court assesses your punishment at ten years['] confinement in the Institutional Division of the Texas Department of Criminal Justice.

2. During the proceedings on the day after the punishment hearing, the trial court said:

   In the matter of the State of Texas versus Jonathan Merchant Harris that the Court heard yesterday and found the [appellant] guilty of possession of marijuana over five pounds, the Court heard the punishment phase, heard evidence of prior convic-

   tions[,] which the Court found to be true. I assessed punishment at ten years, but I'm informed that the minimum punishment in view of the prior convictions is 25 years.

3. TEX. PEN.CODE § 12.42(d).

4. *Harris v. State*, No. 05–02–01761–CR, slip op. at 6, 2003 WL 21509054 (Tex.App.-Dallas, delivered June 30, 2003) (not designated for publication).

5. The exact ground on which we granted review is "Does the decision of the Court of Appeals conflict with the applicable decisions of the Court of Appeals, The Court of Criminal Appeals, and the Supreme Court of the United States?"

6. *Ex parte Lange*, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1873).

that case, the offense of which the defendant was convicted was punishable by either a fine or imprisonment.[7] The trial court had sentenced the defendant to fine and imprisonment. Because the defendant had already paid his fine, and therefore suffered punishment under a valid sentence, the United States Supreme Court held that his sentence had been completed.[8] The Court said that increasing a punishment after a defendant has begun to serve the sentence is a violation of his constitutional right to be free from double jeopardy.[9]

In *Bozza v. United States*, the Supreme Court distinguished its opinion in *Lange*.[10] In *Bozza*, the statute that under which the defendant was convicted required the imposition of a fine *and* imprisonment, but the trial imposed imprisonment only. The defendant was taken to a federal detention jail. About five hours later the defendant was recalled and a sentence in conformity with the statute was imposed.[11] The Supreme Court declined to allow defendants to escape punishment just because the trial court had inadvertently imposed an unauthorized sentence.[12] The prohibition on double jeopardy does not prohibit a trial court's correcting an unauthorized sentence.[13] We also have held that, when the original sentence is unauthorized, the trial

court acts properly and within its authority in assessing a lawful punishment at the subsequent hearing, and in pronouncing sentence based on such punishment.[14] For example, in *Cooper v. State*, the appellant pleaded guilty to delivery of heroin and was sentenced to four years' imprisonment.[15] The trial court later discovered that the minimum sentence for this offense was five years. Over the defendant's objection, the trial court re-sentenced the defendant to the statutory minimum.[16] We affirmed, concluding that the correction of an unauthorized sentence did not violate the double jeopardy provision of the United States Constitution.[17]

To determine whether the trial court properly altered the appellant's original sentence, we must determine whether the original ten-year sentence was authorized.

The language of Section 12.42(a) of the Texas Penal Code, the habitual offender statute, is "clear, instructive, and mandatory."[18] Once a finding of true as to the enhancement paragraphs has been made, the "punishment is absolutely fixed" by law.[19] Further, the punishment assessed must always be within the minimum and maximum fixed by law.[20] A sentence that is outside the minimum range of punishment is unauthorized by law and therefore

---

7.  *Id.*, at 175, 18 Wall 163.

8.  *Id.*, at 175–76, 18 Wall. 163.

9.  *Id.*, at 175, 18 Wall. 163.

10.  *Bozza v. United States*, 330 U.S. 160, 166–67 n. 2, 67 S.Ct. 645, 91 L.Ed. 818 (1947).

11.  *Id.*, at 166–67, 67 S.Ct. 645.

12.  *Id.*, at 166, 67 S.Ct. 645.

13.  *Id.*, at 166–67, 67 S.Ct. 645.

14.  *See, e.g., Cooper v. State* 527 S.W.2d 898, 899 (Tex.Crim.App.1975).

15.  *Ibid.*

16.  *Id.*, at 898.

17.  *Id.*, at 899.

18.  *State v. Allen*, 865 S.W.2d 472, 474 (Tex. Crim.App.1993).

19.  *Ibid.* (citing *Harvey v. State*, 611 S.W.2d 108, 111 (Tex.Crim.App.1981)).

20.  *Henderson v. Texas*, 167 Tex.Crim. 112, 318 S.W.2d 898, 899 (1958).

illegal.[21] If the trial court found the enhancement allegations true, then the original ten-year sentence was not authorized by law.

### III. Application

The appellant claims that the trial court did not find the enhancements true during the original sentencing hearing. As a result, he argues, the ten-year sentence was valid and not subject to revision.

The appellant was charged with a third degree felony, for which the punishment range was two to ten years' imprisonment and up to a ten thousand dollar fine.[22] If the trial court found two enhancement paragraphs to be true, the minimum term of confinement would be twenty-five years.[23] If the trial court did not find two enhancement allegations to be true, the ten-year sentence would be valid.[24]

The appellant asserts that, since the trial court was not required to accept the State's proof in the punishment phase of the trial, ten years was a statutorily authorized punishment. Further, the appellant points out that "despite the trial judge's contention that he meant to find the enhancement paragraphs 'true' the previous day," he was without power to resentence the appellant because he had already imposed a lawful sentence.

But the trial judge did not say that he meant to find the enhancements true during the sentencing hearing. Rather, the trial judge said that he had found the enhancements true, rendering the initial ten-year sentence unauthorized.[25] Given the trial judge's statement that he had found the enhancement allegations true, the majority has to assume that the trial judge either did not remember the events of the day before or that he was being dishonest. The record does not support this assumption.

Although a trial judge is not required to find enhancement allegations true, it would have been unusual under the circumstances of this case for the judge to find the allegations not true. The State offered certified records from the Texas Department of Criminal Justice. A fingerprint expert connected the appellant to the certified records. No evidence was offered to show that the applicant was not the person named in the certified records. It would be extraordinary for the trial judge to find, without comment, that the allegations were not true.

In the present case, the record reflects that the trial court found the enhancement paragraphs to be true. Having found the enhancement allegations true, the trial court was without discretion to sentence the appellant to less than the minimum twenty-five years set by the statute.[26] Accordingly, I would hold that the ten-year sentence was subject to revision.[27]

### III. Conclusion

Because the majority concludes that the trial judge either lied or did not remember

---

21. *See Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App.2003); *Ex Parte Beck,* 922 S.W.2d 181, 182 (Tex.Crim.App.1996); *Ex Parte Hill,* 528 S.W.2d 125, 126 (Tex.Crim.App.1975).

22. Tex. Health & Safety Code § 481.121(b)(4) (possession offense); Tex. Pen.Code § 12.34 (punishment range).

23. Tex. Pen.Code § 12.42(d).

24. Tex. Pen.Code §§ 12.42(a)(3); 12.33; 12.34.

25. Tex. Pen.Code § 12.42(d).

26. *Allen,* 865 S.W.2d at 474.

27. Tex. Pen.Code § 12.42(d).

the events of the day before, I respectfully dissent.