11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

State of Texas  

Appellant

Vs.                   No.
11-03-00186-CR -- Appeal from Taylor County

Dwayne
Heath Wooldridge       

Appellee

 

                                       Opinion
on Remand from Court of Criminal Appeals

The State appealed on the ground that the trial
court illegally sentenced appellee.  On
original submission, we dismissed the State=s
appeal for want of jurisdiction.  The
Court of Criminal Appeals reversed our judgment and remanded the cause for
consideration of the merits of the State=s
appeal.[1]  We find that the trial court=s sentence of appellee was legal; and,
therefore, we affirm the judgment of the trial court.

                                                                    The
Sentence

The jury convicted appellant of the second degree
felony offense of aggravated assault with a deadly weapon.  TEX. PEN. CODE ANN. '
22.02(a)(2) & (b) (Vernon Supp. 2004 - 2005).  The indictment contained two enhancement
paragraphs alleging prior felony convictions. 
The trial court ruled that the prior convictions could not be used for
enhancement purposes.  The trial court
did not make a finding of Atrue@ or Auntrue@ on either of the prior
convictions.  The trial court assessed
punishment at seven years confinement, a sentence within the statutory range of
punishment for a second degree felony. 
TEX. PEN. CODE ANN. '
12.33 (Vernon 2003).

                                                                  Issue
Presented

The State argues that the trial court erred in
refusing to use the prior convictions for enhancement purposes.  Therefore, the State contends that the trial
court illegally sentenced appellee by refusing to sentence him to a minimum of
25 years as a habitual offender.  

                                                                              








                                                  The
Trial Court=s
Enhancement Ruling

The State sought enhancement of appellee=s sentence under TEX. PEN. CODE ANN. ' 12.42(d) (Vernon Supp. 2004 -
2005).  Section 12.42(d) provides:

If it is shown on the trial of a felony offense
other than a state jail felony punishable under Section 12.35(a) that the
defendant has previously been finally convicted of two felony offenses, and the
second previous felony conviction is for an offense that occurred subsequent to
the first previous conviction having become final, on conviction he shall be
punished by imprisonment in the institutional division of the Texas Department
of Criminal Justice for life, or for any term of not more than 99 years or less
than 25 years.                

     

TEX. PEN. CODE ANN. '
12.42(e) (Vernon Supp. 2004 - 2005) provides:

A previous conviction for a state jail felony
punished under Section 12.35(a) may not be used for enhancement purposes under
Subsection (b), (c), or (d). 

 

            The enhancement paragraphs alleged
two prior felony convictions for the offenses of theft of a motor vehicle.  One of the offenses occurred in 1990, and the
other offense occurred in 1992.  Both of
the offenses involved theft of motor vehicles with values of $750 or more but
less than $20,000. When the offenses were allegedly committed, theft of
property with a value of $750 or more but less than $20,000 was a third degree
felony. See former TEX. PEN. CODE '
31.03(e)(4)(A) (1989)(current version at TEX. PEN. CODE ANN. ' 31.03 (Vernon Supp. 2004 -
2005)).  In 1993, the legislature changed
Section 31.03 to provide that theft of property with a value of $1,500 or more
but less than $20,000 is a state jail felony and that theft of property of $500
or more but less than $1,500 is a Class A misdemeanor.  See Section 31.03(e)(3) & (4); Act
of May 29, 1993, 73rd Leg., R.S., ch. 900, '
1.01, sec. 31.03, 1993 Tex. Gen. Laws 3586, 3637-38.  

Based on the 1993 change to Section 31.03, the
trial court found that the prior convictions alleged against appellee had been
changed to convictions for state jail felonies and, therefore, could not be
considered for enhancement purposes under Section 12.42(d).  The trial court then assessed punishment at
seven years confinement.








The trial court was mistaken in finding that the
prior convictions could not be considered for enhancement purposes.  The alleged convictions were for offenses
that were third degree felonies when they were committed.  Therefore, the prior convictions could
appropriately be used as felony enhancements under Section 12.42(d).  Castaneda v. State, 135 S.W.3d 719,
724 (Tex.App. -  Dallas 2003, no pet=n). 
As explained below, the trial court=s
mistaken legal ruling does not affect the outcome of this appeal.     

                                                   Legality of
Sentence

Harris v. State, 153 S.W.3d 394
(Tex.Cr.App.2005), is the controlling authority for this appeal.  In Harris, the State submitted
evidence of prior felony convictions for enhancement pur-poses at the
punishment phase of the trial.  On
October 28, 2002, after the punishment phase of the trial, the trial court
sentenced the defendant to 10 years confinement.  At that time, the trial court did not make
findings on the record that the enhancement allegations were true.  The next day, the trial court recalled the
defendant for a second sentencing hearing, found the enhancement allegations
true, and re-sentenced the defendant to 25 years confinement under Section
12.42(d).  Harris v. State, supra
at 395.  

In Harris, the defendant argued that the
second sentence violated his double jeopardy rights. The State argued that the
initial 10-year sentence was unlawful because the trial court was required to
sentence appellant to a minimum of 25 years under Section 12.42(d) if the two
prior felony convictions were found to be true. 
The Court of Criminal Appeals explained that, without findings  of Atrue@ to the enhancement allegations at the
first sentencing hearing, the initial 10-year sentence was a valid and authorized
sentence.  The Court of Criminal Appeals
explained:

Here,
the facts do not support the contention that Appellant=s
[first] sentence was statutorily unauthorized at the time it was
pronounced.  When Appellant was
sentenced, the trial court did not specifically find the enhancements to be
true on the record.  The court then
sentenced Appellant within the range of punishment for an un-enhanced
offense....The record [of the first sentencing hearing] shows that the trial
judge received the evidence of the prior convictions and considered them, but
not that he found them true.  The trial
court erred to then find them true at a second sentencing hearing.  This second attempt at sentencing violated
Appellant=s rights
under the Double Jeopardy Clause. 
Because the ten-year sentence was a valid and authorized sentence under
the Texas Penal Code, the trial court=s
second pronouncement of a 25-year sentence the following day was an
unconstitutional 15-year increase.           
           

 

Harris v. State, supra at 396-97.








Thus, the Harris court held (1) that the
trial court improperly re-sentenced the defendant after initially sentencing
him to an authorized, valid sentence; (2) that the original 10-year sentence
was valid and authorized; (3) that the second sentence violated the defendant=s double jeopardy rights; and (4) that
the second sentence was an unauthorized and unconstitutional 15-year increase
over the initial sentence.  See State
v. Aguilera, No. PD-0024-04, 2005 WL 1467339, *2 (Tex.Cr.App. June 22,
2005).     

In this case, without findings of Atrue@
to the enhancement allegations at the punishment hearing, the trial court=s seven-year sentence of appellant was
valid and authorized.  The sentence was
within the statutory range of punishment for second degree felonies.  Under the principles of Harris, an
attempt to re-sentence appellee as a habitual offender would be invalid and
unconsti-tutional.

The fact that the trial court made a mistaken
legal ruling in finding that the prior convictions could not be used for
enhancement purposes does not change the result of this appeal.  The Harris court explained that
incorrect or mistaken legal rulings that lead to a sentence raise a double
jeopardy bar to a greater sentence.  Harris
v. State, supra at 402, n.9.

The State=s
issue is overruled.

                                                                This
Court=s Ruling

The judgment of the trial court is affirmed.                

 

TERRY McCALL

JUSTICE

 

July 21, 2005

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











    
[1]Wooldridge v. State, 158 S.W.3d 484 (Tex.Cr.App.2005).