Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-11-00438-CR

Joey Dee **RICHTER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, La Salle County, Texas
Trial Court No. 10-01-00006-CRL
Honorable Donna S. Rayes, Judge Presiding

Opinion by:  Rebecca Simmons, Justice

Sitting:  Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 14, 2012

AFFIRMED

Appellant Joey Dee Richter pleaded guilty to second degree felony aggravated assault. Richter now challenges the trial court's authority to impose a sentence of twelve years imprisonment. We affirm the trial court's judgment.

### BACKGROUND

Richter was charged with second degree felony aggravated assault, waived his right to a jury trial, and, without the benefit of a plea bargain, pleaded guilty. At the conclusion of the

sentencing hearing, the trial court sentenced Richter to ten years imprisonment and remanded him to the custody of the sheriff.  Before Richter left the courtroom, the State asked the court if it made an affirmative finding on use of a deadly weapon, to which the court replied, "I'm mak[ing] an affirmative finding that a deadly weapon was used in the commission of this offense."  Following this statement, the reporter's record reads "(Scuffle occurred)."  The appellate record does not indicate what the "scuffle" entailed or who was involved.  The trial judge then stated, "I am back on the record . . . .  I hereby vacate my judgment [and] sentence Mr. Richter to 12 years."

On appeal, Richter contends the trial court's *sua sponte* modification of his sentence violated article 42.01 of the Texas Code of Criminal Procedure.

### MODIFICATION OF RICHTER'S SENTENCE

**A.  Applicable Law**

"A judgment is the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant."  TEX. CODE CRIM. PROC. ANN. art. 42.01(1) (West 2006); *Lee v. State*, 516 S.W.2d 151, 152 (Tex. Crim. App. 1974).  "The sentence served shall be based on the information contained in the judgment."  TEX. CODE CRIM. PROC. ANN. art. 42.01(1); *Scott v. State*, 461 S.W.2d 619, 620 (Tex. Crim. App. 1971).  A defendant's sentence commences on the day it is pronounced.  TEX. CODE CRIM. PROC. ANN. art. 42.09(1); *State v. Aguilera*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005), *superseded by rule on other grounds*, TEX. R. APP. P. 21.9, *as recognized in Patterson v. State*, 353 S.W.3d 203, 212 n.4 (Tex. App.—San Antonio 2011, pet. ref'd).

A trial court has plenary power to modify a defendant's sentence if it (1) is made on the same day as the original sentencing; (2) occurs before the court has adjourned for the day; (3) is

made "in the presence of the defendant, his attorney, and counsel for the state"; and (4) "the modified sentence is authorized by statute." *Aguilera*, 165 S.W.3d at 698. The prohibition against double jeopardy is not violated if these four requirements are met. *See id.* at 697–98 & n.3 ("Aguilera's subsequent fifteen-year sentence was within the same first-degree-felony range of punishment as was his initial twenty-five-year sentence and was not an unconstitutional modification of that initial sentence."); *id.* at 700–03 (Cochran, J., concurring) ("[A] court has power to revise, correct or vacate a sentence imposed during the term of the court in which the conviction was had and before the original sentence has gone into operation or action is had under it." (quoting *Powell v. State*, 124 Tex. Crim. 513, 515, 63 S.W.2d 712, 713 (Tex. Crim. App. 1933))); *cf. Harris v. State*, 153 S.W.3d 394, 396–97 & n.4 (Tex. Crim. App. 2005) ("[T]he trial court could use its plenary power to modify the sentence only as much as the new sentence would remain within the same statutory range of punishment.").

## B. Analysis

The modification of Richter's sentence complied with *Aguilera*'s four requirements for a trial court's *sua sponte* modification of a sentence. *See Aguilera*, 165 S.W.3d at 698; *see also Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). First, the modification was made on the same day. *See Aguilera*, 165 S.W.3d at 698. Second, it occurred moments after the original assessment of ten years imprisonment and before the court adjourned for the day. *See id.* ("[T]he trial court was acting within its authority when, only a few minutes after it had initially sentenced appellee and before it had adjourned for the day, it modified appellee's sentence."). Third, the modification was made in the presence of the defendant, his attorney, and counsel for the State. *See id.* Finally, the modified sentence was authorized by section 12.33 of the Texas Penal Code. *See Aguilera*, 165 S.W.3d at 698; *id.* at 697 & n.3 (citing *Harris v. State*,

153 S.W.3d 394, 396 & n.4, 397–98 (Tex. Crim. App. 2005)); *see also* TEX. PENAL CODE ANN. § 12.33 (West 2003) (mandating punishment between two and twenty years for the conviction of a second degree felony). While *Aguilera* addressed the downward modification of a sentence, the general holding applies to upward modifications as well. *See Aguilera*, 165 S.W.3d at 698; *id.* at 702 (Cochran, J., concurring) ("Although the Court does not expressly say so, the rule set out in the majority opinion sets the finality of the sentencing process for both upward and downward alterations."); *see also Ex parte Cruzata*, 220 S.W.3d at 520–21 (denying habeas relief where the trial court modified the petitioner's sentence upward). Accordingly, the trial court had plenary power to modify Richter's sentence, and the prohibition against double jeopardy was not violated. *See Aguilera*, 165 S.W.3d at 698; *Harris*, 153 S.W.3d at 396 & n.4, 397–98.

## CONCLUSION

The trial court acted within its authority by modifying Richter's sentence from ten to twelve years imprisonment. Therefore, we affirm the trial court's judgment.

Rebecca Simmons, Justice

DO NOT PUBLISH