

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00165-CR

_____


HOLLY BROOKE MEYER, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 114th District Court
Smith County, Texas
Trial Court No. 114-1816-10


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

St. Patrick's Day of 2011 found Holly Brooke Meyer entering her plea of guilty to the offense of possession of a prohibited substance (marihuana) in a correctional facility.[1]  *See* TEX. PENAL CODE ANN. § 38.11 (West 2011).  Under the plea agreement, the Smith County trial court placed Meyer on three years' deferred adjudication community supervision.  Meyer's period of deferred adjudication lasted a little over a year.

The record on appeal at the time of the filing of Meyer's brief reflected that on August 2, 2012, the State filed an application to proceed to final adjudication, alleging that Meyer had violated the terms of her community supervision by possessing and consuming a controlled substance (methamphetamine).  Meyer entered a plea of "true" to the allegations of the State on August 23, 2012, and the trial court found Meyer guilty.  At the hearing, Meyer requested a sentence of 180 days, and the State responded by recommending a sentence of fifteen months.  Although the trial court orally pronounced a sentence of "15 [m]onths confinement in the state jail facility," it initially entered a written judgment signed on August 28, 2012, which purported to sentence Meyer to seven years' imprisonment.

Meyer's first issue on appeal alleges the trial court erred in signing a written judgment containing a different sentence than the oral pronouncement.  Meyer's second issue alleges the oral pronouncement, which controls, was an illegal sentence requiring (in her opinion), that we reverse and remand for a new punishment hearing.

---

[1]Originally appealed to the Tyler Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Tyler Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

After Meyer filed her brief, the State supplemented the record with documents which showed that a second punishment hearing had been held on the same day as the first. This supplemental record revealed that the trial court had granted a new trial on punishment,[2] held a second punishment hearing (which the record reflects was attended by Meyer), and orally sentenced her to seven years' imprisonment.

After the State had filed the supplemental record, we afforded Meyer the opportunity to file a supplemental brief "in which appellant may raise and brief additional issues should counsel choose to do so." The only response we received to that correspondence was a supplemental briefing which consisted entirely of a computer-generated word count; no additional issues were raised.

When a trial court orally pronounces an illegal sentence,[3] the Texas Court of Criminal Appeals has approved of the holding of a second punishment hearing to operate in lieu of the first. *See Cooper v. State*, 527 S.W.2d 898, 899 (Tex. Crim. App. 1975). *But see Davis v. State*, 349 S.W.3d 535 (Tex. Crim. App. 2011) (trial court erred in making second oral pronouncement with defendant absent); *Harris v. State*, 153 S.W.3d 394 (Tex. Crim. App. 2005) (due process

---

[2]We note that the record does not contain a written motion for new trial. The record is unclear concerning whether an oral motion was made or whether the trial court granted a new trial sua sponte. At the second punishment hearing, defense counsel stated as follows: "In looking at the last case we did, it just dawned on me that it was actually a third degree felony, not a state jail. So I got with the State, and that's why we're here right now." We further note the record does not contain a written order granting a new trial. *See* TEX. R. APP. P. 21.8. Meyer does not complain about the lack of a written motion for new trial or a written order granting a new trial. Further, it is not necessary for us to determine whether, given that the first sentence was a nullity, the granting of a new trial on punishment was necessary.

[3]The trial court's first oral pronouncement, fifteen months, was an illegal sentence for a third degree felony. "A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Possession of a prohibited substance in a correctional facility is a third degree felony. *See* TEX. PENAL CODE ANN. § 38.11. The statutory minimum punishment for a third degree felony is not less than two years. TEX. PENAL CODE ANN. § 12.34 (West 2011).

violation when trial court did not make finding regarding enhancements at first punishment hearing and first sentence was within range of unenhanced offense). The actions taken as a result of the second hearing, conducted as a new trial, superseded those taken during the first trial. We note that Meyer lodged no objection to the holding of the second hearing on punishment and has raised no issue on appeal contesting the propriety of that second hearing.

Meyer's complaint on appeal is that the oral pronouncement is inconsistent with the written judgment.[4] The second oral pronouncement of seven years' imprisonment is consistent with the written judgment and falls within the statutorily prescribed range of punishment. *See* TEX. PENAL CODE ANN. §§ 12.34, 38.11. Both of Meyer's issues were dealt with and cured at the trial level. Meyer's issues are overruled.

For the reasons stated, we affirm.

Bailey C. Moseley
Justice

Date Submitted: April 23, 2013
Date Decided: April 24, 2013

Do Not Publish

---

[4]*See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) ("When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002) ("A trial court does not have the statutory authority or discretion to orally pronounce one sentence in front of the defendant, but enter a different sentence in his written judgment, outside the defendant's presence.").