

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-93,314-01, WR-93,314-02, WR-93,314-03, WR-93,314-04, WR-93,314-05 AND WR-93,314-06

### EX PARTE JOSHUA LUKE MCDONALD, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. A140028AR, A140034AR, A140040AR, A140025AR, A140031AR AND A140037AR
### IN THE 128TH DISTRICT COURT FROM ORANGE COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to six charges of sexual assault of a child and was sentenced by a jury to fifteen years' imprisonment for each charge. The trial court ordered the sentence in the -02 case to run consecutively with the sentence in the -04 case. The Ninth Court of Appeals affirmed his convictions. *McDonald v. State*, Nos. 09-14-00383-CR, 09-14-00385-CR, 09-14-00387-CR, 09-14-00382-CR, 09-14-00384-CR and 09-14-00386-CR (Tex. App.—Beaumont, March 2, 2016) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was improperly subjected to double jeopardy, that the trial court lacked plenary authority to cumulate his sentences, that he was denied due process when the State made an untimely oral motion to cumulate sentences, and that his trial counsel was ineffective for failing to adequately object to the trial court's consideration of and eventual granting of the State's motion to cumulate sentences.

In addition, on October 22, 2021, Applicant filed a motion to recuse the trial judge from presiding over these habeas corpus proceedings pursuant to Rule 18a of the Texas Rules of Civil Procedure. There is no indication in the record that the trial court considered the motion or complied with Rule 18a. *See Ex parte Sinegar*, 324 S.W.3d 578, 579 (Tex. Crim. App. 2010). As a preliminary matter, the trial judge shall determine whether Applicant's motion complies with the requirements of Rule 18a. If the motion does comply with Rule 18a, the trial judge shall either recuse herself or forward the matter to the presiding judge of the administrative judicial district for further proceedings.

As to the merits of Applicant's claims, Applicant has alleged facts that, if true, might entitle him to relief. *Harris v. State*, 153 S.W.3d 394 (Tex. Crim. App. 2005); *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002); *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If

counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall ensure that the habeas records are supplemented with transcripts of the sentencing proceedings occurring on August 13, 2014, and August 15, 2014. The trial court shall make findings of fact and conclusions of law as to whether the trial court made an oral pronouncement of Applicant's sentences as running concurrently, and as to whether court was adjourned before the State made an oral motion to cumulate the sentences. The trial court shall make findings of fact and conclusions of law as to whether Applicant began serving his sentences or suffered punishment before the court reconvened two days later to consider the State's motion to cumulate the sentences. The trial court shall make findings of fact and conclusions of law as to whether trial counsel objected to the State's motion to cumulate the sentences, or to the trial court's decision to cumulate the sentences. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and whether Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:  December 15, 2021

Do not publish