**Bennie Ray HURD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45667.**

Court of Criminal Appeals of Texas.

July 28, 1972.

Joe B. Garza, Dallas, for appellant.

Henry Wade, Dist. Atty., and Catharine T. Hill, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is a revocation of probation appeal.

Appellant was convicted of attempting to pass as true a forged instrument on January 16, 1970, assessed a two (2) year sentence and placed on probation. One of the terms of his probation was:

"(d) Report to the probation officer as directed, to-wit: monthly;"

On August 13, 1970, the State filed a motion to revoke appellant's probation alleging he had failed to report to his probation officer from and after April 13, 1970. On November 12, 1970, the court held a hearing and revoked appellant's probation.

Dallas County Probation Officer Lewis Bramblett testified that appellant had not reported to him since April 13, 1970 and that appellant had not given any reason for his failure to report as directed. He also stated the appellant called him on July 23, 1970 and said he would be in to make a report but that he never came.

The appellant testified that he suffered from a skin disease he contracted in Viet Nam for which he was hospitalized for approximately three months beginning in June, 1970. On cross-examination, he admitted that he was released from the hospital in September, 1970 but made no effort to contact or visit his probation officer although he was not continually bedridden or hospitalized during that period. He

also stated that he understood the conditions of his probation and knew he was required to report to his probation officer monthly.

 The only question for review in a revocation of probation appeal is whether the trial court abused its discretion in revoking the probation. Carnes v. State, Tex.Cr.App., 478 S.W.2d 940; Bennett v. State, Tex.Cr.App., 476 S.W.2d 281; Seymore v. Beto, 5 Cir., 383 F.2d 384. The record reflects that the appellant failed, without valid explanation, to report to his probation officer as directed.

There is no abuse of discretion.

The judgment is affirmed.

ROBERTS, J., not participating.