Bradley Scott REID, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00353–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 16, 1992.

George O'Neil Jacobs, Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, David Kiatta, Robert Thomas, Houston, for appellee.

Before SAM BASS, MIRABAL and O'CONNOR, JJ.

## OPINION

SAM BASS, Justice.

This appeal is from a revocation of probation. Appellant was placed on probation after pleading guilty to driving while intoxicated. Following the State's recommendation, the trial court sentenced appellant to 180-days confinement, probated for two years, and a $300 fine. At the hearing on the motion to revoke probation, the court found appellant had violated the terms of his probation by committing an offense against the laws of this State. The court revoked probation and reformed the judgment to confinement in the Harris County jail for 180 days.

We affirm.

■ In his first point of error, appellant claims the evidence was insufficient to support the trial court's finding that he violated the terms and conditions of his probation by delivering a simulated controlled substance that he represented to be 3, 4–methylene-dioxy methamphetamine, commonly known as "ecstasy." Appellant correctly asserts that the State proved he delivered a substance that *was not* ecstacy. He argues that the State alleged and had the burden to prove he delivered a substance that *was* ecstacy.

■ The burden of proof in a probation revocation is by a preponderance of the evidence. *Russell v. State*, 551 S.W.2d 710, 714 (Tex.Crim.App.1977) (op. on reh'g), *cert. denied*, 434 U.S. 954, 98 S.Ct. 480, 54 L.Ed.2d 312 (1977). The State satisfies the burden of proof when the greater weight of credible evidence before the court creates a reasonable belief that a condition of probation has been violated, as alleged in the motion to revoke. *Battle v. State*, 571 S.W.2d 20, 21–22 (Tex.Crim.App. [Panel Op.] 1978).

Appellate review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke probation. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex.Crim.App. 1984); *Wilson v. State*, 671 S.W.2d 120, 121 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

The State alleged in the motion to revoke probation that appellant violated the terms and conditions of his probation by:

committing an offense against the State of Texas, to wit: On or about February 15, 1990, in Harris County, Texas, the Defendant did then and there unlawfully intentionally and knowingly deliver by actual transfer to J. Inocencio a simulated controlled substance and the Defendant expressly represented the substance to be a controlled substance, namely, 3, 4–methylene–dioxy methamphetamine.

A "simulated controlled substance" is defined as "a substance that is purported to be a controlled substance, but is chemically different from the controlled substance it is purported to be." TEX.HEALTH & SAFETY CODE ANN. § 482.001(4) (Vernon Pamph. 1992). Thus, a simulated controlled substance, by definition, cannot be the controlled substance it is purported to be.

Harris County Sheriff's Department Officer Joe Inocencio testified that he negotiated with appellant's co-defendants for the purchase of ecstacy. On February 15, 1990, appellant met the undercover officer at a prearranged location. Appellant got into Officer Inocencio's car and asked to see the money. After the officer showed him $7500, appellant got out of the car and returned with a shoebox containing pills. Appellant said the pills were ecstacy and they were "very good." Robert Reynolds, a criminal toxicologist with the Harris County Medical Examiner's Office, testified that the pills were not 3, 4–methylene–dioxy methamphetamine. He further said that 3, 4–methylene–dioxy methamphetamine is a controlled substance and that it is commonly known as "ecstacy." Appellant offered no evidence to contradict this testimony.

The greater weight of the evidence shows that appellant delivered to Officer Inocencio a substance that he claimed was ecstacy. Tests on that substance revealed that it was not ecstacy, the common term for the controlled substance 3, 4–methylene-dioxy methamphetamine. TEX.HEALTH & SAFETY CODE ANN. § 481.032(a)(3) (Vernon Pamph.1992). Therefore, the evidence shows that appellant delivered a substance that he represented to be a controlled substance, but was chemically different from the controlled substance it was purported to be. The State met its burden of proof, and the trial judge did not abuse his discretion in issuing the order to revoke probation.

The first point of error is overruled.

■ In his second point of error, appellant claims the trial court abused its discretion in revoking his probation, because there was insufficient evidence to support the validity of that probation. He argues that his original guilty plea to driving while intoxicated is invalid and the original judgment therefore is void, due to a variance between the information and the plea paper. The information alleged cause number 8*92*9185, and the plea paper alleged cause number 8*29*9185.

■ Appellant urges this Court to recognize that he is not requesting a review of the original conviction, but is limiting his argument to the propriety of the revocation. Regardless of his assertion to the contrary, appellant is attacking the validity of the guilty plea, requiring us to review the original judgment. The validity of the original conviction, from which no appeal is taken, ordinarily cannot be raised on appeal from a revocation order. *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex.Crim.App. 1990). On appeal from a revocation of probation, an original conviction may be collaterally attacked and the judgment set aside if fundamental error was committed. *Dinnery v. State*, 592 S.W.2d 343, 350 (Tex.Crim.App. [Panel Op.] 1980) (op. on

reh'g). Appellant has neither alleged nor demonstrated fundamental error.

The second point of error is overruled.

The judgment of the trial court is affirmed.