NO. 07-02-0443-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 30, 2003

_____

LLOYD A. ROGERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. TWO OF LUBBOCK COUNTY;

NO. 99-464,577; HONORABLE RUSTY LADD, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

In this appeal, appellant Lloyd A. Rogers challenges the revocation of community

supervision previously granted him. On February 2, 2001, and upon his guilty plea,

appellant was convicted of the Class A Misdemeanor offense of assault involving family

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

violence. His sentence was assessed at 180 days confinement in the Lubbock County Jail, probated under community supervision for a period of 18 months. The community supervision probation was revoked on October 15, 2002, and he was ordered to serve the 180-day jail sentence. In perfecting his appeal, appellant argues the trial court abused its discretion in revoking his probation based upon: 1) his failure to make court-ordered payments during the term of his community supervision; 2) his failure to complete 40 hours of community service; and 3) his failure to report to the community supervision officer as directed. Disagreeing that reversal is required, we affirm the judgment of the trial court.

In reviewing an appeal from a revocation of community supervision probation, the test is whether the trial court abused its discretion. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). If a single ground alleged for revocation is supported by a preponderance of the evidence and is otherwise valid, that is sufficient to justify a revocation. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

Because it is dispositive of this appeal, we will proceed directly to discuss appellant's third point contention that the trial court abused its discretion in finding he failed to report as ordered. Appellant admitted that he had failed to report as ordered. His only explanation was that he thought he "might have a dirty UA [urine analysis]." A "dirty" urine analysis means one that would show appellant had been using a controlled substance. He admitted that he had been using marijuana and that gave rise to his fear.

In concluding that the trial court erred in revoking his probation because of his failure to report as ordered, appellant cites and relies upon *Hurd v. State*, 483 S.W.2d 824 (Tex. Crim. App. 1972), and *Hendley v. State*, 783 S.W.2d 750 (Tex. App.–Houston [1st Dist.] 1990, no pet.). In *Hurd,* the high court affirmed a revocation of probation by the trial court because of a failure to report. In doing so, the court commented that the record "reflects that the appellant failed, *without valid explanation*, to report to his probation officer as directed." (Emphasis added). *Hurd v. State,* 483 S.W.2d at 825. Appellant's argument, as best we understand, is that these cases enunciate a rule that if a "valid" explanation is given for a failure to report as ordered, it is an abuse of discretion for a trial court to revoke probation.

Assuming arguendo that appellant's analysis is correct, that analysis would still require a decision upon appellate review as to whether the trial court had abused its discretion in failing to recognize a "valid" excuse. By no stretch of the imagination could a probationer's fear that his use of a controlled substance would be revealed by a "UA" be a valid excuse for a failure to report. Accordingly, the trial court did not abuse its discretion in revoking appellant's probation because of a failure to report as ordered, and appellant's third point is overruled. Because that holding is sufficient to sustain the judgment of the trial court, it is not necessary to discuss the remainder of appellant's points.

The judgment of the trial court is affirmed.

John T. Boyd

3

Senior Justice

Do not publish.