**Opinion filed June 25, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-07-00335-CR

————

## BRUCE CARLTON WAGGONER, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 15090B**

### M E M O R A N D U M   O P I N I O N

The trial court revoked Bruce Carlton Waggoner's community supervision for violating the terms of his court-ordered supervision, adjudicated his guilt, and imposed a sentence of confinement for twenty-five years.  We affirm.

*Background Facts*

On May 2, 2005, Waggoner pleaded guilty to the third degree felony offense of possession of a controlled substance by fraud and true to two enhancement allegations.  The trial court placed Waggoner on deferred adjudication community supervision for ten years.  The State filed a motion to revoke community supervision and adjudicate, alleging that Waggoner had violated a number of

conditions of his community supervision, including failing to report; failing to attend substance abuse treatment programs; and failing to pay fees, fines, and restitution. Waggoner pleaded true to all but one of the State's allegations, and the trial court sentenced him to sixty days confinement and reinstated his community supervision.

The State filed a second motion to revoke and adjudicate, alleging that Waggoner had committed a new criminal offense by harassing an individual, had failed to report, and had failed to pay his fees and restitution. Waggoner pleaded not true. The trial court found that Waggoner had failed to report to his supervision officer five times, had not completed his 320 hours of community service, and had not paid a $140 lab fee. The trial court ordered a presentence investigation (PSI) and a psychological evaluation. After their completion, the trial court held an evidentiary hearing and sentenced Waggoner to twenty-five years confinement.

## Issues on Appeal

Waggoner presents five issues on appeal. He argues initially that the trial court abused its discretion by revoking his community supervision. Next, Waggoner argues that the trial court assessed an illegal sentence because it did not make a finding of guilt. Similarly, he asserts that the trial court assessed an illegal sentence because it did not make a finding of true to the enhancement allegations. His fourth and fifth issues address the trial court's use of enhancements during punishment. Waggoner argues that a 1998 theft conviction could not be used to enhance his current sentence or, alternatively, that it could not be used twice for enhancement purposes.

## Revocation of Community Supervision

### Standard of Review.

If the State proves all the elements of a single violation, the trial court is within its discretion to revoke community supervision. *Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983). The State's burden of proof is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Only when the State fails to meet its burden on every allegation does the trial court abuse its discretion. *Reid v. State*, 834 S.W.2d 125, 126 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

### Failure to Report.

The State alleged that Waggoner failed to report to his supervision officer the months of Novenmber 2006 and January 2007 through April 2007. Waggoner does not deny that he failed to

2

report but raises a due diligence defense and a lack of transportation to excuse his absence. Due diligence does not apply to Waggoner's case. While lack of transportation is a relevant consideration at trial, the evidence does not establish that the trial court abused its discretion by finding that Waggoner violated the conditions of his community supervision.

It is an affirmative defense to a motion to revoke that a "supervision officer, peace officer, or other officer *with the power of arrest under a warrant issued by a judge for that alleged violation* failed to contact or attempt to contact the defendant in person." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 24 (Vernon Supp. 2008) (emphasis added). This is referred to as the due diligence defense. However, the Court of Criminal Appeals has held that the due diligence defense cannot be raised when a defendant is arrested within the community supervision period. Because Waggoner was arrested within the community supervision period, the due diligence defense does not apply.

Failing to report to a supervision officer as ordered by a judgment is not excused merely by an inability to travel. *See Valdez v. State*, 508 S.W.2d 842, 844 (Tex. Crim. App. 1973) (car failure in and of itself does not excuse a failure to report); *see also Hurd v. State*, 483 S.W.2d 824, 824-25 (Tex. Crim. App. 1972) (hospitalization is not an excuse for failing to report when the defendant had a chance to contact his supervisor upon release but did not). Waggoner's transportation troubles do not excuse his failure to report absent evidence that he could not find alternative transportation. We note that Waggoner was able to travel to Mexico and that he never complained to his supervisor about a lack of transportation. The trial court was within its discretion to find that Waggoner had failed to report as required and to revoke his community supervision solely on the basis of this allegation.

*Failure to Complete Community Service.*

The State also alleged that Waggoner failed to complete his court-ordered community service. Waggoner does not deny the failure but claims that a bad back prevented him from doing so. Waggoner testified that he had several ruptured disks and that his doctor never released him to return to work. Waggoner had even been denied enrollment to the Cenikor program for drug rehabilitation due to his back condition. The State notes that Waggoner did not produce a doctor's report and that, without one, his excuse was only supported by his self-serving statements. The State also points to evidence that, despite his back condition, Waggoner was able to steal trailers, water heaters, furniture, and bathtubs while on community supervision.

3

The trial court is the sole trier of fact and is responsible for judging the credibility of witnesses. *Naquin v. State*, 607 S.W.2d 583, 586 (Tex. Crim. App. 1980). The trial court could reasonably disbelieve the severity of Waggoner's back problems, especially in light of the physical demands of his criminal pursuits. The trial court, therefore, did not abuse its discretion by revoking Waggoner's community supervision solely on this basis. Issue One is overruled.

*Absence of Oral Pronouncements*

Waggoner contends that the trial court imposed an illegal sentence because it never made an oral pronouncement of guilty. We agree with the State that a finding of guilt was implied by the trial court when it revoked probation and ordered a PSI. The lack of an express oral pronouncement of guilt by the trial court does not render the written judgment void. *Villela v. State*, 564 S.W.2d 750, 751 (Tex. Crim. App. 1978). In *Villela*, the trial court assessed punishment without pronouncing guilt; the Court of Criminal Appeals affirmed the court's decision. *Id*. The court held that, "[w]hen the trial judge, after admonishing the appellant, accepting the appellant's pleas, and hearing the State's evidence, held the assessment of punishment in abeyance and ordered a presentence investigation, he necessarily implied that he had found the appellant guilty in each case." *Id*.; *see also Sanchez v. State*, 222 S.W.3d 85, 88 (Tex. App.–Tyler 2006, no pet.) (ordering a PSI implies a finding of guilt). Because the trial court revoked Waggoner's community supervision and ordered a PSI, it impliedly found him guilty. The trial court, therefore, did not assess an illegal sentence. The second issue is overruled.

Waggoner also argues that his sentence was illegal because the trial court did not make a finding of "true" regarding two enhancement allegations. Again, we agree with the State that the record implies that the trial court found the enhancements true.

Waggoner leans on *Harris* to support his position. *Harris v. State*, 153 S.W.3d 394 (Tex. Crim. App. 2005). In *Harris*, the trial court sentenced the defendant to ten years confinement. *Id*. The next day, it recalled the defendant, explained that – because the State had introduced evidence of prior felony convictions for enhancement purposes – it could not impose a sentence for less than twenty-five years confinement, and resentenced him to twenty-five years confinement. *Id*. at 396-97. The Court of Criminal Appeals held that the trial court's subsequent attempt to bring Harris back to court to resentence him with enhancements violated double jeopardy. *Id*.

The principles of double jeopardy are not applicable to the case before us. At Waggoner's initial plea hearing, the trial court admonished him regarding the effect of the enhancements and, at the close of the hearing, stated that it was prepared to find the enhancement paragraphs true. At the motion to revoke hearing, the court sentenced Waggoner to twenty-five years in prison, which the trial court stated was consistent with the range of punishment. All of these events demonstrate that the trial court found the enhancement paragraphs true even in the absence of an explicit oral pronouncement. The record supports a finding of true, and the written judgment is sufficient in the absence of an oral pronouncement. Additionally, *Harvey* reminds us of the "rule that an accused, having entered a plea of 'true' to an enhancement paragraph of the indictment, cannot be heard to complain that the evidence is insufficient to support same." *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). Even if the record does not imply a finding of true, the sentence was still proper because Waggoner pleaded true to the enhancements. Issue Three is overruled.

*Application of Enhancements*

*1998 State Theft Conviction.*

Waggoner complains in his fourth issue that his sentence was illegal because it was improperly enhanced with a state jail felony. Waggoner's indictment included two enhancement allegations. One alleged that he was convicted of theft in 1998. Waggoner acknowledges that he stipulated to this allegation, that he was admonished that the range of punishment was twenty-five to ninety-nine years or life, and that he pleaded true to the enhancement paragraphs. However, Waggoner argues that this conviction was improperly used to enhance his sentence because the 1998 conviction was for a state jail felony. In support of this argument, Waggoner has provided us with a certified copy of the indictment and judgment from his 1998 case. Waggoner acknowledges that this documentation is outside the record but contends that our broad authority to correct illegal sentences provides authority to consider this new documentation.

An appellate court may always notice and correct an illegal sentence. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). However, our review is limited to the evidence before the trial court at the time of the trial court's judgment. *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). The Texas Court of Criminal Appeals has held that a writ of habeas corpus is the proper venue to challenge an illegal sentence when the record on appeal does not show the

illegality of the sentence. *Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006). Because the additional evidence is outside the appellate record, we cannot consider it.

Even if we considered Waggoner's supplemental evidence, we would reach the same conclusion. Even though on its face it provides that it was a second degree felony, Waggoner argues that the 1998 conviction was a state jail felony and contends that it cannot be used for enhancement according to TEX. PENAL CODE ANN. § 12.42(e) (Vernon Supp. 2008). Section 12.42(e) only limits the use of some state jail felony convictions, specifically those punished under TEX. PENAL CODE ANN. § 12.35(a) (Vernon Supp. 2008). Waggoner's 1998 theft conviction was punishable under TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon Supp. 2008) and, therefore, was not excluded by Section 12.42(e). The conviction could be used to enhance his punishment to habitual offender status. The sentence imposed was not illegal, and Waggoner's fourth issue is overruled.

*1989 Forgery Conviction.*

Waggoner argues that the 1989 forgery conviction was used to enhance the 1998 theft conviction and, therefore, that it cannot be used to enhance his possession conviction. The State, in turn, points us to TEX. PENAL CODE ANN. § 12.46 (Vernon 2003). This statute allows a conviction to be used for subsequent enhancement purposes and does not limit a conviction's use to only once. Waggoner cites three cases that hold that a conviction cannot enhance when it is a necessary element of the current conviction: *Wisdom v. State*, 708 S.W.2d 840 (Tex. Crim. App. 1986); *Ramirez v. State*, 527 S.W.2d 542 (Tex. Crim. App. 1975); *Ballard v. State*, 149 S.W.3d 693, 696 (Tex. App.—Austin 2004, pet. ref'd). The 1989 forgery conviction was not a necessary element of the theft conviction and, therefore, could be used to enhance all subsequent convictions as a matter of law. Waggoner's fifth issue is overruled.

### Conclusion

The judgment of the trial court is affirmed.

RICK STRANGE
JUSTICE

June 25, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of Wright, C.J.,
McCall, J., and Strange, J.

6