Opinion filed June 25, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed June 25,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00335-CR

                                                       ________

 

                           BRUCE
CARLTON WAGGONER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee              

 



 

                                         On
Appeal from the 104th District Court

                                                          Taylor
County, Texas

                                                  Trial
Court Cause No. 15090B

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
trial court revoked Bruce Carlton Waggoner=s
community supervision for violating the terms of his court-ordered supervision,
adjudicated his guilt, and imposed a sentence of confinement for twenty-five
years.  We affirm.

                                                               Background
Facts








On
May 2, 2005, Waggoner pleaded guilty to the third degree felony offense of
possession of a controlled substance by fraud and true to two enhancement
allegations.  The trial court placed Waggoner on deferred adjudication
community supervision for ten years.  The State filed a motion to revoke
community supervision and adjudicate, alleging that Waggoner had violated a
number of conditions of his community supervision, including failing to report;
failing to attend substance abuse treatment programs; and failing to pay fees,
fines, and restitution.  Waggoner pleaded true to all but one of the State=s allegations, and the
trial court sentenced him to sixty days confinement and reinstated his
community supervision.  

The
State filed a second motion to revoke and adjudicate, alleging that Waggoner
had committed a new criminal offense by harassing an individual, had failed to
report, and had failed to pay his fees and restitution.  Waggoner pleaded not
true.  The trial court found that Waggoner had failed to report to his
supervision officer five times, had not completed his 320 hours of community
service, and had not paid a $140 lab fee.  The trial court ordered a
presentence investigation (PSI) and a psychological evaluation.  After their
completion, the trial court held an evidentiary hearing and sentenced Waggoner
to twenty-five years confinement.

                                                                 Issues
on Appeal                 

Waggoner
presents five issues on appeal.  He argues initially that the trial court
abused its discretion by revoking his community supervision.  Next, Waggoner
argues that the trial court assessed an illegal sentence because it did not
make a finding of guilt.  Similarly, he asserts that the trial court assessed
an illegal sentence because it did not make a finding of true to the
enhancement allegations.  His fourth and fifth issues address the trial court=s use of enhancements
during punishment.  Waggoner argues that a 1998 theft conviction could not be
used to enhance his current sentence or, alternatively, that it could not be
used twice for enhancement purposes.  

                                               Revocation
of Community Supervision

Standard
of Review.

If
the State proves all the elements of a single violation, the trial court is
within its discretion to revoke community supervision.  Watts v. State,
645 S.W.2d 461, 463 (Tex. Crim. App. 1983).  The State=s burden of proof is by a preponderance of the
evidence.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). 
Only when the State fails to meet its burden on every allegation does the trial
court abuse its discretion.  Reid v. State, 834 S.W.2d 125, 126 (Tex.
App.CHouston [1st
Dist.] 1992, no pet.).

Failure
to Report.








 The
State alleged that Waggoner failed to report to his supervision officer the
months of Novenmber 2006 and January 2007 through April 2007.  Waggoner does
not deny that he failed to report but raises a due diligence defense and a lack
of transportation to excuse his absence.   Due diligence does not apply to
Waggoner=s case. 
While lack of transportation is a relevant consideration at trial, the evidence
does not establish that the trial court abused its discretion by finding that
Waggoner violated the conditions of his community supervision.

It
is an affirmative defense to a motion to revoke that a Asupervision officer, peace officer, or other
officer with the power of arrest under a warrant issued by a judge
for that alleged violation failed  to contact or attempt to contact the
defendant in person.@ 
Tex. Code Crim. Proc. Ann.
art. 42.12, ' 24
(Vernon Supp. 2008) (emphasis added).  This is referred to as the due diligence
defense.  However, the Court of Criminal Appeals has held that the due
diligence defense cannot be raised when a defendant is arrested within the
community supervision period.  Because Waggoner was arrested within the
community supervision period, the due diligence defense does not apply.

Failing
to report to a supervision officer as ordered by a judgment is not excused
merely by an inability to travel.  See Valdez v. State,
508 S.W.2d 842, 844 (Tex. Crim. App. 1973) (car failure in and of itself does
not excuse a failure to report); see also Hurd v. State, 483 S.W.2d 824,
824-25 (Tex. Crim. App. 1972) (hospitalization is not an excuse for failing to
report when the defendant had a chance to contact his supervisor upon release
but did not).  Waggoner=s
transportation troubles do not excuse his failure to report absent evidence
that he could not find alternative transportation.  We note that Waggoner was
able to travel to Mexico and that he never complained to his supervisor about a
lack of transportation.  The trial court was within its discretion to find that
Waggoner had failed to report as required and to revoke his community
supervision solely on the basis of this allegation.  

Failure to
Complete Community Service.

The
State also alleged that Waggoner failed to complete his court-ordered community
service.  Waggoner does not deny the failure but claims that a bad back
prevented him from doing so.  Waggoner testified that he had several ruptured
disks and that his doctor never released him to return to work.  Waggoner had
even been denied enrollment to the Cenikor program for drug rehabilitation due
to his back condition.  The State notes that Waggoner did not produce a doctor=s report and that, without
one, his excuse was only supported by his self-serving statements.  The State
also points to evidence that, despite his back condition, Waggoner was able to
steal trailers, water heaters, furniture, and bathtubs while on community
supervision.








The
trial court is the sole trier of fact and is responsible for judging the
credibility of witnesses.  Naquin v. State, 607 S.W.2d 583, 586 (Tex.
Crim. App. 1980).  The trial court could reasonably disbelieve the severity of
Waggoner=s back
problems, especially in light of the physical demands of his criminal
pursuits.  The trial court, therefore, did not abuse its discretion by revoking
Waggoner=s community
supervision solely on this basis.  Issue One is overruled.

Absence
of Oral Pronouncements

Waggoner
contends that the trial court imposed an illegal sentence because it never made
an oral pronouncement of guilty.  We agree with the State that a finding of
guilt was implied by the trial court when it revoked probation and ordered a
PSI.  The lack of an express oral pronouncement of guilt by the trial court
does not render the written judgment void.  Villela v. State, 564 S.W.2d
750, 751 (Tex. Crim. App. 1978).  In Villela, the trial court assessed
punishment without pronouncing guilt; the Court of Criminal Appeals affirmed
the court=s
decision.   Id.  The court held that, A[w]hen
the trial judge, after admonishing the appellant, accepting the appellant=s pleas, and hearing the
State=s evidence, held
the assessment of punishment in abeyance and ordered a presentence
investigation, he necessarily implied that he had found the appellant guilty in
each case.@  Id.;
see also Sanchez v. State, 222 S.W.3d 85, 88 (Tex. App.BTyler 2006, no pet.)
(ordering a PSI implies a finding of guilt).  Because the trial court revoked
Waggoner=s community
supervision and ordered a PSI, it impliedly found him guilty.  The trial court,
therefore, did not assess an illegal sentence.  The second issue is overruled.

Waggoner
also argues that his sentence was illegal because the trial court did not make
a finding of Atrue@ regarding two enhancement
allegations.  Again, we agree with the State that the record implies that the
trial court found the enhancements true.  

Waggoner
leans on Harris to support his position.  Harris v. State, 153
S.W.3d 394 (Tex. Crim. App. 2005).  In Harris, the trial court sentenced
the defendant to ten years confinement.  Id.  The next day, it recalled
the defendant, explained that B
because the State had introduced evidence of prior felony convictions for
enhancement purposes B
it could not impose a sentence for less than twenty-five years confinement, and
resentenced him to twenty-five years confinement.  Id. at
396-97.  The Court of Criminal Appeals held that the trial court=s subsequent attempt to
bring Harris back to court to resentence him with enhancements violated double
jeopardy.  Id.








The
principles of double jeopardy are not applicable to the case before us.  At
Waggoner=s initial
plea hearing, the trial court admonished him regarding the effect of the
enhancements and, at the close of the hearing, stated that it was prepared to find
the enhancement paragraphs true.   At the motion to revoke hearing, the court
sentenced Waggoner to twenty-five years in prison, which the trial court stated
was consistent with the range of punishment.  All of these events demonstrate
that the trial court found the enhancement paragraphs true even in the absence
of an explicit oral pronouncement.  The record supports a finding of true, and
the written judgment is sufficient in the absence of an oral pronouncement. 
Additionally, Harvey reminds us of the Arule
that an accused, having entered a plea of >true= to an enhancement
paragraph of the indictment, cannot be heard to complain that the evidence is
insufficient to support same.@ 
Harvey v. State, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981).  Even if
the record does not imply a finding of true, the sentence was still proper
because Waggoner pleaded true to the enhancements.  Issue Three is overruled. 

  Application
of Enhancements 

1998
State Theft Conviction.

Waggoner
complains in his fourth issue that his sentence was illegal because it was
improperly enhanced with a state jail felony.  Waggoner=s indictment included two enhancement
allegations.  One alleged that he was convicted of theft in 1998.  Waggoner
acknowledges that he stipulated to this allegation, that he was admonished that
the range of punishment was twenty-five to ninety-nine years or life, and that
he pleaded true to the enhancement paragraphs.  However, Waggoner argues that
this conviction was improperly used to enhance his sentence because the 1998
conviction was for a state jail felony.  In support of this argument, Waggoner
has provided us with a certified copy of the indictment and judgment from his
1998 case.  Waggoner acknowledges that this documentation is outside the record
but contends that our broad authority to correct illegal sentences provides
authority to consider this new documentation. 








An
appellate court may always notice and correct an illegal sentence.  Mizell
v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).  However, our review
is limited to the evidence before the trial court at the time of the trial
court=s judgment.  Whitehead
v. State, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).  The Texas Court of
Criminal Appeals has held that a writ of habeas corpus is the proper venue to
challenge an illegal sentence when the record on appeal does not show the
illegality of the sentence.  Ex parte Rich, 194 S.W.3d 508, 512 (Tex.
Crim. App. 2006).  Because the additional evidence is outside the appellate
record, we cannot consider it. 

Even
if we considered Waggoner=s
supplemental evidence, we would reach the same conclusion.   Even though on its
face it provides that it was a second degree felony, Waggoner argues that the
1998 conviction was a state jail felony and contends that it cannot be used for
enhancement according to Tex. Penal Code
Ann. ' 12.42(e)
(Vernon Supp. 2008).  Section 12.42(e) only limits the use of some state
jail felony convictions, specifically those punished under Tex. Penal Code Ann. ' 12.35(a) (Vernon Supp.
2008).  Waggoner=s
1998 theft conviction was punishable under Tex.
Penal Code Ann. '
12.42(a)(2) (Vernon Supp. 2008) and, therefore, was not excluded by Section
12.42(e).  The conviction could be used to enhance his punishment to habitual
offender status.  The sentence imposed was not illegal, and Waggoner=s fourth issue is
overruled.             

1989
Forgery Conviction.

Waggoner
argues that the 1989 forgery conviction was used to enhance the 1998 theft
conviction and, therefore, that it cannot be used to enhance his possession
conviction.  The State, in turn, points us to Tex.
Penal Code Ann. '
12.46 (Vernon 2003).  This statute allows a conviction to be used for
subsequent enhancement purposes and does not limit a conviction=s use to only once. 
Waggoner cites three cases that hold that a conviction cannot enhance when it
is a necessary element of the current conviction:  Wisdom v. State, 708
S.W.2d 840 (Tex. Crim. App. 1986); Ramirez v. State, 527 S.W.2d 542
(Tex. Crim. App. 1975); Ballard v. State, 149 S.W.3d 693, 696 (Tex. App.CAustin 2004, pet. ref=d).  The 1989 forgery
conviction was not a necessary element of the theft conviction and, therefore,
could be used to enhance all subsequent convictions as a matter of law. 
Waggoner=s fifth issue
is overruled.

Conclusion

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

June 25, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of Wright, C.J., 

McCall, J., and Strange, J.