**Anthony RILES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–05–00385–CR, 01–05–00386–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 12, 2006.

Lanny Ray, Huntsville, TX, for Appellant.

Stephanie Stroud, Assistant District Attorney, David P. Weeks, District Attorney, Huntsville, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

TERRY JENNINGS, Justice.

Appellant, Anthony Riles, pleaded guilty to the third-degree felony offenses of possession of a controlled substance[1] and assault of a public servant.[2] The trial court accepted the guilty pleas, deferred adjudication of guilt, and placed appellant on community supervision for five years in each case. The State subsequently filed motions to adjudicate guilt, to which appellant pleaded true, and the trial court assessed appellant's punishment at confinement for ten years in each case. In his sole issue, appellant contends that the trial court erred in increasing his sentence to ten years "after having already formally pronounced sentence as being only five years."

We affirm.

---

**1.** *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon 2003). Trial Court Cause No. 21,-179–C; Appellate Cause No. 01–05–00386–CR.

**Factual and Procedural Background**

On December 17, 2004, appellant pleaded true to the allegations in the motion to adjudicate guilt without an agreed punishment recommendation from the State. After a hearing on the motion, the trial court found appellant guilty and stated, "the Court sentences you to five years in TDC. And the sentence will run concurrent." At that point, appellant requested that he be allowed to surrender himself at 5:00 a.m. the following morning to begin his sentence. The trial court answered,

> Yes, I will let you do that. Let me tell you something else. If you don't show up I *haven't finalized this five years yet* and I'm just going to double it. You got it?

(emphasis added). Appellant replied, "Yes, sir." The trial court then changed the reporting time to 8:00 a.m. the following morning.

Appellant did not surrender himself the following morning, and, on March 18, 2005, at another hearing, appellant admitted that he had "run" and failed to surrender himself as promised. The trial court then pronounced appellant's punishment at confinement for ten years in each case and signed a judgment reflecting this sentence.

**Modification of Sentence**

In his sole issue, appellant argues that his sentence should be reduced to five years as originally pronounced by the trial court because "once [a] sentence is formally pronounced, a trial court may not later increase that sentence." The State counters that "[a] trial court retains plenary power over its own judgments for a period of time following rendition to allow for any

---

**2.** *See* TEX. PEN.CODE ANN. § 22.01 (Vernon Supp.2005). Trial Court Cause No. 21,238–C; Appellate Cause No. 01–05–00385–CR.

correction or alteration that may be necessary to ensure that justice has been served." It asserts that "[t]he trial court did not orally pronounce sentence on December 17, 2004, but rather made an oral statement about what the sentence for the defendant was possibl[y] going to be."

■ A trial court has inherent power to "correct, modify, vacate, or amend its own rulings," and, as long as it "does not by its ruling divest itself of jurisdiction or exceed a statutory time limit, it can simply change its mind on a ruling." *State v. Aguilera*, 165 S.W.3d 695, 698 n. 7 (Tex. Crim.App.2005) (quoting *Awadelkariem v. State*, 974 S.W.2d 721, 728–29 (Tex.Crim. App.1998) (Meyers, J., concurring)). "The ability to do so is a necessary function of an efficient judiciary." *Id.* (quoting *Awadelkariem*, 974 S.W.2d at 729). The Texas Court of Criminal Appeals has recently held that a trial court retains plenary power to modify a sentence so long as "the modification is made on the same day as the assessment of the initial sentence and before the court adjourns for the day." *Aguilera*, 165 S.W.3d at 698. "The re-sentencing must be done in the presence of the defendant, his attorney, and counsel for the state." *Id.* Also, such modifications must comport with the requirement that a defendant's sentence begins to run on the day that it is pronounced. *See* TEX.CODE CRIM. PROC. ANN. art. 42.09, § 1 (Vernon Supp.2005). Moreover, a sentence for a felony offense must be pronounced in the defendant's presence. *See id.* art. 42.03, § 1(a) (Vernon Supp.2005). In such circumstances, a trial court has the authority to re-sentence a defendant after assessing an initial sentence if the modified sentence is authorized by statute. *Aguilera*, 165 S.W.3d at 698.

■ In support of his argument that, after sentencing is formally pronounced, a trial court may not later increase the sentence, appellant relies on *Harris v. State*, 153 S.W.3d 394 (Tex.Crim.App.2005). In *Harris*, the defendant argued that "an increase in punishment after a defendant has commenced serving his sentence violates a defendant's Double Jeopardy [3] rights." *Id.* at 396. The court held that the modification and imposition of a twenty-five-year sentence one day after imposing a statutorily authorized ten-year sentence violated the prohibition against double jeopardy. *Id.* at 397 & n. 10 (A trial court has "no authority to re-sentence [a] defendant by increasing the severity of the sentence after he had been formally sentenced, and had accepted such a sentence." (citing *Tooke v. State*, 642 S.W.2d 514, 518 (Tex. App.-Houston [14th Dist.] 1982, no pet.))). Appellant also notes that a trial court may not increase a sentence "even if the court attempts to do so within minutes of the first announcement." *State v. Dickerson*, 864 S.W.2d 761, 763 (Tex.App.-Houston [1st Dist.] 1993, no pet.).

■ However, the Court of Criminal Appeals, five months after *Harris*, handed down its decision in *Aguilera*, making clear that a trial court "retains plenary power to modify its sentence if, as in this case, the modification is made on the same day as the assessment of the initial sentence and before the court adjourns for the day." *Aguilera*, 165 S.W.3d at 698. The *Aguilera* court distinguished *Harris* because (1) *Harris* was based on a constitutional violation—re-sentencing the defendant to a term of imprisonment that was outside of the statutory range of punishment—rather than on a claim of lack of plenary power to modify and (2) the re-sentencing in *Harris* was done on the next

3. *See* U.S. CONST. amend. V.

day after the defendant "had begun serving his sentence." *Id.* at 697.[4]

Here, the trial court initially pronounced a sentence of five years at the December 18, 2005 hearing. However, when appellant asked the trial court to allow him to report the following morning, the trial court acquiesced but made clear, "I haven't finalized this five years yet." Even if the trial court initially pronounced its sentence and did not merely, as the State contends, make a statement regarding what sentencing would possibly be, the trial court had the power to correct, modify, or vacate its order. *See Aguilera,* 165 S.W.3d at 700 n. 7 (Cochran, J., concurring) ("The oral utterance is an act of judgment, but it is not an entirely unalterable one. Other events ... are required to give it absolute finality. Until they occur, the court retains jurisdiction and power, within recognized limits ... to make corrections, perhaps even other changes, which may be required by a right administration of justice." (citing *Rowley v. Welch,* 72 App. D.C. 351, 355, 114 F.2d 499, 503 (1940))).

Essentially, the trial court, in granting appellant's request to surrender himself the next morning, set aside, or vacated, its previously pronounced sentence when it declared, "I haven't finalized this five years yet." Appellant had not accepted the five-year sentence, begun to serve the sentence, or suffered any punishment before the trial court set the sentence aside. *See Aguilera,* 165 S.W.3d at 698. In fact, appellant agreed to the trial court's actions. Moreover, the subsequent sentence was within the statutory range of punishment for the offenses charged. *See* TEX. PEN.CODE ANN. § 12.34(a) (Vernon 2003).

Accordingly, we hold that the trial court acted within its authority when, only a few moments after it had initially sentenced appellant and before it had adjourned for the day, it set the five-year sentence aside. *See Aguilera,* 165 S.W.3d at 698. We further hold that the trial court did not err in subsequently assessing appellant's punishment at confinement for ten years at the March 18, 2005 hearing.

We overrule appellant's sole issue.

### Conclusion

We affirm the judgment of the trial court.

---

4. *Aguilera* also undermined the holdings of *Dickerson* and *Tooke.* *State v. Aguilera,* 165 S.W.3d 695, 701 n. 8 (Tex.Crim.App.2005) (Cochran, J., concurring) ("Of course, neither *Dickerson* nor *Tooke* survive the majority's holding today.").