NO. 07-11-0276-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 2, 2012

_____

CHRISTOPHER ALDRIDGE,

                                                                    Appellant
v.

THE STATE OF TEXAS,

                                                                    Appellee

_____

FROM THE 21st DISTRICT COURT OF BASTROP COUNTY;

NO. 10,874; HON. CHRISTOPHER D. DUGGAN, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Christopher Aldridge appeals from a judgment revoking his community supervision and sentencing him to five years imprisonment. Upon concluding that appellant had violated one or more conditions of his probation, the trial court scheduled sentencing for April 8, 2011, and on that date stated, in open court, it would reduce the prison term from ten years to three. This led to appellant asking if he could start his probation over and conversing with the court about those matters. After that conversation, the trial court said, in open court: ". . . What I'm going to do *is postpone*

*formal sentencing* because we're going to have to figure out how much, exactly, time you have. So I am not going to put you in custody right now." (Emphasis added). On May 6, 2011, another hearing was held on the issue of punishment. Therein, the trial court stated that though it had yet to formally sentence appellant, it would grant its own motion for new trial to reconsider punishment. Appellant's objection to that was overruled. Thereafter, the State proffered the evidence it had presented during the April 8 hearing while appellant did likewise (though he excluded his own testimony from the proffer). The court then sentenced appellant to five years imprisonment. Appellant appealed. We affirm.

The two issues raised by appellant have a common foundation. It concerns whether the trial court actually pronounuced its sentence on April 8. If it did, then the court allegedly 1) erred by granting, *sua sponte*, a new trial solely on punishment, and 2) violated appellant's double jeopardy rights. Both issues are overruled.

While the trial court disclosed that it was going to sentence appellant to a three-year term of imprisonment at the April 8 hearing, it expressly postponed "formal sentencing" until a later date. This situation likens to that in *Riles v. State,* 216 S.W.3d 836 (Tex. App.–Houston [1st Dist.] 2006, no pet.). There, the trial court announced that it "sentences you [appellant] to five years in TDC." *Id.* at 837. After that, the appellant requested permission to surrender himself the next day. The court agreed but responded, "If you don't show up I haven't finalized this five years yet and I'm going to double it." *Id.* Needless to say, the appellant did not show up the next day, and the trial court increased his punishment. In assessing whether double jeopardy restrictions had been transgressed, the appellate court first noted that a trial court has the power to

2

modify its sentence as long as it is done on the same day as the assessment of the initial sentence and before it adjourns. *Id.* at 838, *quoting State v. Aguilera,* 165 S.W.3d 695, 698 (Tex. Crim. App. 2005). Then, it concluded that if the trial court initially pronounced sentence, its ensuing comment about the sentence not yet being finalized had the effect of vacating or setting aside the pronouncement; so, Riles had yet to begin serving a sentence for purposes of double jeopardy. *Id.* at 839. We see logic in its conclusion. The entirety of the hearing should be considered in assessing what was done at the hearing, not simply excerpts taken out of context.

It may be that the trial court evinced its intent to merely assess a three-year term of imprisonment at the hearing. However, it clearly told everyone present that "formal sentencing" would not occur until a later date. One cannot reasonably infer from the totality of these circumstances that sentence had actually been pronounced on April 8. And, even if it was, the trial court had the authority to modify or vacate the pronouncement on the same day. *See Riles v. State, supra.* So, while the trial court may have said it was granting a new trial, it was simply continuing the prior proceeding. And, that means there was no prior pronouncement of sentence for purposes of double jeopardy; that is, appellant's sentence was not increased after he was already sentenced.[1]

---

[1]We reject appellant's suggestion that he must have been sentenced on April 8th since he was arrested on May 4, 2011, and began serving time for which he received credit. Appellant was arrested on that date because his bond had been increased. His bond had been increased because he allegedly committed another offense. Furthermore, the trial court is required to give appellant credit for the days during which he was incarcerated. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03 § 2(a)(1) (West Supp. 2012).

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.