NO. 07-11-0276-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 NOVEMBER 2, 2012

 CHRISTOPHER ALDRIDGE,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 21st DISTRICT COURT OF BASTROP COUNTY;

 NO. 10,874; HON. CHRISTOPHER D. DUGGAN, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 Christopher Aldridge appeals from a judgment revoking his community supervision and sentencing
him to five years imprisonment. Upon concluding that appellant had violated one or more conditions
of his probation, the trial court scheduled sentencing for April 8, 2011, and on that date stated,
in open court, it would reduce the prison term from ten years to three. This led to appellant
asking if he could start his probation over and conversing with the court about those matters.
After that conversation, the trial court said, in open court: “. . . What I’m going to do is
postpone formal sentencing because we’re going to have to figure out how much, exactly, time you
have. So I am not going to put you in custody right now.” (Emphasis added). On May 6, 2011,
another hearing was held on the issue of punishment. Therein, the trial court stated that though it
had yet to formally sentence appellant, it would grant its own motion for new trial to reconsider
punishment. Appellant’s objection to that was overruled. Thereafter, the State proffered the
evidence it had presented during the April 8 hearing while appellant did likewise (though he
excluded his own testimony from the proffer). The court then sentenced appellant to five years
imprisonment. Appellant appealed. We affirm.
 The two issues raised by appellant have a common foundation. It concerns whether the trial
court actually pronounuced its sentence on April 8. If it did, then the court allegedly 1) erred by
granting, sua sponte, a new trial solely on punishment, and 2) violated appellant’s double jeopardy
rights. Both issues are overruled.
 While the trial court disclosed that it was going to sentence appellant to a three-year term
of imprisonment at the April 8 hearing, it expressly postponed “formal sentencing” until a later
date. This situation likens to that in Riles v. State, 216 S.W.3d 836 (Tex. App.–Houston [1st
Dist.] 2006, no pet.). There, the trial court announced that it “sentences you [appellant] to five
years in TDC.” Id. at 837. After that, the appellant requested permission to surrender himself the
next day. The court agreed but responded, “If you don’t show up I haven’t finalized this five years
yet and I’m going to double it.” Id. Needless to say, the appellant did not show up the next day,
and the trial court increased his punishment. In assessing whether double jeopardy restrictions had
been transgressed, the appellate court first noted that a trial court has the power to modify its
sentence as long as it is done on the same day as the assessment of the initial sentence and before
it adjourns. Id. at 838, quoting State v. Aguilera, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005).
Then, it concluded that if the trial court initially pronounced sentence, its ensuing comment about
the sentence not yet being finalized had the effect of vacating or setting aside the pronouncement;
so, Riles had yet to begin serving a sentence for purposes of double jeopardy. Id. at 839. We see
logic in its conclusion. The entirety of the hearing should be considered in assessing what was
done at the hearing, not simply excerpts taken out of context.
 It may be that the trial court evinced its intent to merely assess a three-year term of
imprisonment at the hearing. However, it clearly told everyone present that “formal sentencing”
would not occur until a later date. One cannot reasonably infer from the totality of these
circumstances that sentence had actually been pronounced on April 8. And, even if it was, the trial
court had the authority to modify or vacate the pronouncement on the same day. See Riles v. State,
supra. So, while the trial court may have said it was granting a new trial, it was simply
continuing the prior proceeding. And, that means there was no prior pronouncement of sentence for
purposes of double jeopardy; that is, appellant’s sentence was not increased after he was already
sentenced.[1]

 Accordingly, the judgment is affirmed.

 Per Curiam

 Do not publish.

-----------------------
 [1]We reject appellant’s suggestion that he must have been sentenced on April 8th since he was
arrested on May 4, 2011, and began serving time for which he received credit. Appellant was
arrested on that date because his bond had been increased. His bond had been increased because he
allegedly committed another offense. Furthermore, the trial court is required to give appellant
credit for the days during which he was incarcerated. See Tex. Code Crim. Proc. Ann. art. 42.03 §
2(a)(1) (West Supp. 2012).